SUMMARY ORDER
Sana Ullah Bhatti petitions for review of the BIA’s February 2005 decision in which the BIA affirmed the immigration judge’s (“IJ”) order denying Bhatti’s applications for asylum, withholding of removal and Convention Against Torture (“CAT”) relief, and ordering him removed. We presume the parties’ familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.
Where the BIA issues an opinion that fully adopts the IJ’s findings and reasoning, this Court reviews the decision of the IJ as if it were that of the BIA. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005); Secaida-Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). In addition, when the BIA agrees with the IJ’s conclusion and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005).
In this case, the IJ noted that Bhatti’s oral testimony was inconsistent with his airport interview. An IJ may rely on airport statements in deciding an applicant’s credibility if “the record of the interview indicates that it presents an accurate record of the alien’s statements, and that it was not conducted under coercive or mis *182 leading circumstances.” Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004) (citing Balasubramanrim v. INS, 143 F.3d 157, 164 (3d Cir.1998)). Minor factual discrepancies between the airport interview and the alien’s application and hearing testimony are not detrimental to the alien’s credibility, but “where the alien’s airport statements and his or her later testimony present materially different accounts of his or her purported persecution, however, the inconsistencies may render the alien’s testimony incredible.” Id. at 180-81; see also Guan v. Gonzales, 432 F.3d 391 (2d Cir.2005).
Here, Bhatti’s statements made during the airport interview contradict those he made during his testimony, and go to material elements of his claim for relief. During his airport interview, Bhatti was asked why he was arrested, to which he answered that his “political group” was fighting with other “political group[s].” Bhatti then stated that he was detained overnight, “abused” and released the next day because “they found out it was not [his] fault.” During his testimony, however, Bhatti denied stating that he was released because the police found no fault on his part and instead stated that the police were not going to release him unless they were paid.
The IJ also noted that Bhatti failed to provide sufficient documentation of his claims, particularly medical evidence to support his claim that he was beaten unconscious or that he was even arrested. Lack of corroboration can be an independent ground on which to deny an application, provided that the IJ identifies the pieces of missing, relevant documentation and shows that they were reasonably available to the applicant. Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 153 (2d Cir.2003); Diallo v. INS, 232 F.3d 279, 285-90 (2d Cir.2000). The IJ is only required to conduct this analysis if he or she finds that the applicant is not otherwise credible. Zhou Yun Zhang v. INS, 386 F.3d 66, 78 (2d Cir.2004). The IJ properly found that Bhatti’s testimony was not credible, and that the minimal documentation he submitted was insufficient to rehabilitate his credibility. See Matter of Y-B- 21 I. & N. Dec. 1136, 1998 WL 99554 (BIA 1998) (the weaker an applicant’s testimony, the greater the need for corroborating evidence).
Bhatti argues that the IJ and BIA erred by ignoring country reports and other materials which indicated that Ahmadis like Bhatti were subject to persecution in Pakistan. Although the IJ in this case did not specifically address the country reports, she did state in her oral opinion that “[a]ll ... documents have been carefully considered” including the State Department Reports on Human Rights Practices for Pakistan in the years 2000 and 2001. The IJ’s failure to specifically consider country reports in support of Bhatti’s claims was not in error. Although immigration courts are warned that they should be careful not to place excessive reliance on published reports of the United States Department of State, “the weight to afford to such evidence lie[s] largely within the discretion of the IJ.” Xiao Ji Chen v. U.S. Dept. of Justice, 434 F.3d 144, 164 (2d Cir.2006) (citations omitted).
Bhatti argues that the IJ erred in denying CAT relief on adverse credibility and that the BIA applied the wrong legal standard in reviewing the IJ’s decision. “[A]n adverse credibility determination made in the asylum context should not necessarily affect the BIA’s consideration of the alien’s CAT claim.” Ramsameachire, 357 F.3d at 185. However, an ad *183 verse credibility determination that includes a finding that the applicant failed to establish a fact that “formed the only potentially valid basis” for the claim, may be a proper basis for the denial of CAT relief. See Xue Hong Yang v. United States. Dep't. of Justice, 426 F.3d 520, 523 (2d Cir.2005). At the same time an IJ must deny CAT relief separately from asylum and withholding. See Jin Chen v. United States Dep't of Justice, 426 F.3d 104, 116 (2d Cir.2005) (holding that although the IJ did not explicitly analyze the CAT claim, the denial of the claim was “linguistically” separate from the denials of asylum and withholding under the INA). In the instant case, the IJ found that Bhatti failed to establish that he was persecuted for his religious beliefs, the only facts that formed the basis for his claim that he would more likely than not be tortured. See Xue Hong Yang, 426 F.3d at 523.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).